NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN DWAYNE BROWN, | No.   21-55393 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-05560-FMO-JEM |
| v. | |
| DEPARTMENT OF CHILDREN SERVICES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted May 9, 2023
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and ANTOON,[**] District Judge.

Steven Brown appeals the district court's order granting summary judgment to three social workers and a police officer in Brown's action brought under 42 U.S.C. § 1983.  The district court granted summary judgment to the defendants

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

based on qualified immunity, which protects government officials from § 1983 liability "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). For a right to be clearly established, it must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle*, 566 U.S. at 664). We may resolve the issue of qualified immunity based on the lack of clearly established law without reaching whether a constitutional violation occurred. *See O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021). We review de novo the district court's order granting summary judgment, *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007), and we affirm.

1.     The district court correctly granted summary judgment to the defendants on Brown's claim that they violated the Fourth Amendment by unlawfully entering his residence. Brown argues that the defendants should have given greater consideration to obtaining a warrant and informing Brown that a police officer would be accompanying the social workers to Brown's home. Nevertheless, the defendants are entitled to qualified immunity because it cannot be said that every reasonable official would have understood that entering Brown's apartment was unlawful in the "particular circumstances" they encountered. *Wesby*, 138 S. Ct. at

2

589–90 (quotations omitted).

Brown concedes that he consented to the social workers' entry into his apartment but argues that the social workers violated clearly established law by using a "ruse"—their expressed desire to check on Brown's children—to obtain consent to enter. But *United States v. Bosse*, 898 F.2d 113, 114–15 (9th Cir. 1990) (per curiam), *United States v. Phillips*, 497 F.2d 1131, 1133 (9th Cir. 1974), and *United States v. Ramirez*, 976 F.3d 946 (9th Cir. 2020), on which Brown relies, all involved a much greater degree of intentional deception as to the officials' identities or purpose than was present here. These cases do not clearly establish the unlawfulness of the defendants' entry.

Here, when the social workers, without concealing their identities, asked for and received consent to enter Brown's apartment, they had a legitimate purpose for doing so—to check on the children. The social workers were generally aware that Brown's household had been the subject of prior child protective service inquiries. Brown does not allege that the social workers ever told him that he was not part of their investigation or that a police officer would not be present. Because any constitutional violation was not clearly established in these circumstances, we affirm the district court's order granting summary judgment to the social workers on Brown's unlawful entry claim.

Officer Saldana was likewise entitled to summary judgment on this claim.

There is no evidence that Officer Saldana was aware of any alleged "ruse," and Officer Saldana never misrepresented his identity or the purpose of his visit. Brown gave undifferentiated verbal consent to enter the apartment to the people at his door—without investigating whether the social workers were accompanied by any other officials. It was not clearly established that Officer Saldana's entry violated the Fourth Amendment.

2. Brown next argues that Officer Saldana wrongfully arrested him, both because his initial entry was unlawful and because Officer Saldana lacked probable cause for an arrest. We disagree on both counts. Brown's first argument fails because, for the reasons stated above, it was not clearly established that Brown's entry was itself unlawful. For Brown to overcome qualified immunity on his second argument, it must be the case that (1) there was no probable cause for the arrest; and (2) it was not "*reasonably arguable* that there was probable cause." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam). This standard is not met here.

While it appears Officer Saldana may ultimately have been mistaken about the way the criminal protective order applied to Brown, Officer Saldana did not arrest Brown until after he had made efforts to verify that Brown was violating the order. Before entering the house, Officer Saldana was informed by the social workers that a protective order prohibited Brown from being with the children.

4

When Brown objected that he had joint custody of the children, Officer Saldana permitted Brown to search his apartment for a separate order giving Brown custody. When Brown could not locate a copy of that order, Officer Saldana returned to his police vehicle to investigate further. During his investigation, Officer Saldana reviewed a summary of the criminal protective order that was available in California's Law Enforcement Telecommunications System (CLETS), a database for law enforcement officers. That summary confirmed that Brown had an active criminal protective order against him, and it did not on its face indicate that Brown had been given partial custody of his children. We further note that even if Officer Saldana had been able to locate the applicable protective order and the cross-referenced order of the Juvenile Dependency Court, it is still not apparent that Officer Saldana could have reasonably determined that Brown was permitted to be alone with the children that day. Accordingly, Brown's arrest did not violate clearly established federal law.

Contrary to Brown's argument, our decision in *Beier v. City of Lewiston*, 354 F.3d 1058 (9th Cir. 2004), does not clearly establish that Officer Saldana's arrest of Brown was unlawful. In *Beier*, the officers "made no attempt to ascertain [the protective order's] terms from authorized personnel or by reading the readily available document." *Id.* at 1069. The facts in *Beier* are not analogous to those here. We therefore affirm the district court's order granting summary judgment to Officer

Saldana on Brown's unlawful arrest claim.

4. Finally, the social workers are entitled to qualified immunity on Brown's claim that their removal of Brown's children from the home violated the Fourteenth Amendment. "Officials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). But, as Brown effectively recognizes, his arrest, combined with the ongoing detention of the children's mother, provided the social workers with reasonable cause because it left the children—ages 6, 8, and 10—without an adult in the home.

Brown argues that this exigency could not justify the social workers' removal of his children because the social workers created the exigent circumstances by having Brown wrongfully arrested. But the social workers did not themselves arrest Brown. And Officer Saldana did not rely solely on the social workers' representations in deciding to arrest Brown. Instead, he conducted his own investigation, as detailed above.

Brown identifies no clearly established law that prevented the social workers from removing the children and placing them with their grandmother once there was

6

no longer an adult in the home. The cases Brown cites that involved social workers, including *Wallis* and *Rogers v. County of San Joaquin*, 487 F.3d 1288 (9th Cir. 2007), would have provided little guidance here, since those cases involved warrantless removals of children from their parents, not warrantless removals of children who have been left without a caretaker after the arrest of a parent. We therefore affirm the district court's order granting summary judgment to the social workers on Brown's Fourteenth Amendment claim.

**AFFIRMED.**